UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD,<br><br>   Plaintiff,<br><br>   v.<br><br>LINDE AG, et al.,<br><br>   Defendants. | Case No. 23-cv-06179-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**<br><br>Re: Dkt. No. 6 |

Plaintiff Robert Lindblad, who represents himself, sues three Defendants for seven causes of action related to Plaintiff's alleged ownership rights to Linde AG. (Dkt. No. 1-5 ¶¶ 26-53.)[1] Defendants move to dismiss this action for lack of personal jurisdiction and insufficient service of process. (Dkt. No. 6.) Plaintiff filed an opposition and a motion to retain jurisdiction. (Dkt. Nos. 17, 18.) After carefully considering the parties' written submissions, the Court GRANTS the motion to dismiss for lack of personal jurisdiction. Because no jurisdiction exists, the Court need not reach the issue of service of process.

**BACKGROUND**

Defendant Linde GmbH ("Linde") is an industrial gas company principally based in Germany. (Dkt. Nos. 1-1 ¶ 7; 1-5 ¶ 31.) Defendant Stephen Angel, incorrectly named as "Steven Angel" in the complaint, is Linde's former Chief Executive Officer and a Texas resident. (Dkt. Nos. 1-1 ¶ 9; 1-5 ¶ 19.) Defendant Sanjiv Lamba is Linde's current Chief Executive Officer and a Connecticut resident. (Dkt. Nos. 1-1 ¶ 7; 1-5 ¶ 28.)

Plaintiff appears to allege he is a royal prince, and that his family's company has been

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

unlawfully taken over by Sanjiv Lamba in conjunction with Steven Angel. (Dkt. No. 1-5 ¶¶ 27, 43, 109.) Plaintiff claims "all-encompassing ownership rights" in Linde based on "his family name employed on the company Linde Gas Corp." (Dkt. No. 1-5 ¶ 40.)

Plaintiff refers to himself as the "true owner" of Linde. (Dkt. No. 1-5 ¶ 80.) He alleges Defendants unlawfully seized ownership of the company, (*id*. ¶ 84), redistributed his property interest to Sanjiv Lamba, (*id*. ¶¶ 130, 151), and fraudulently appointed Sanjiv Lamba as CEO. (*Id*. ¶ 115.) Plaintiff's opposition[2] also posits numerous conspiracies including a global network of fraudulent lawyers "affiliated with Jewish and Scottish high crimes" who "conquered cyberspace with aid from the Chinese Government to monitor court petitioning." (Dkt. No. 18 at 5-6.) Plaintiff requests equitable relief and $25,034,074,999.00 in damages. (Dkt. No. 1-5 ¶ 56.)

On October 3, 2023, Plaintiff filed this matter in San Mateo County Superior Court. (Dkt. No. 1-5.) Defendants removed the case to this Court on November 29, 2023, based on diversity jurisdiction. (Dkt. No. 1.) Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction and insufficient service of process as to each Defendant. (Dkt. No. 6.) On January 23, 2024, Plaintiff filed a motion to retain jurisdiction, which Defendants opposed. (Dkt. Nos. 17, 22, 25.) The motion to dismiss is now fully briefed. (Dkt. Nos. 6, 18, 23.)

**LEGAL STANDARD**

**I.     Personal Jurisdiction**

Courts recognize two forms of personal jurisdiction, general and specific. *Bristol-Myers Squibb Co. v. Super. Court of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). Plaintiff "bears the burden" of establishing personal jurisdiction. *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)). Because Plaintiff

---

[2] Plaintiff refers to his opposition to Defendants' motion to dismiss as a "reply." (Dkt. No. 18.)

2

has not asked for jurisdictional discovery, the Court considers "whether the pleadings and affidavits establish a prima facie showing of jurisdictional facts. *Boon Global*, 923 F.3d at 650 (cleaned up). "[U]ncontroverted allegations in plaintiff's complaint must be taken as true," but courts "may not assume the truth of allegations in a pleading which are controverted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (cleaned up). Any "factual disputes" must be "resolve[d] . . . in the plaintiff's favor." *Id.*

When, as here, no applicable federal statute governs personal jurisdiction, the law of the forum state determines personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long-arm statute is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process are the same. *See* Cal. Civ. Proc. Code § 410.10; *Mavrix*, 647 F.3d at 1223.

### A. General Jurisdiction

General jurisdiction "permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection with the forum." *Ranza*, 793 F.3d at 1068. General jurisdiction over a nonresident corporation "is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2006) (cleaned up); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) ("[T]he standard for general jurisdiction is high" and "a defendant must not only step through the door, it must also [sit] down and [make] itself at home." (cleaned up)).

### B. Specific Jurisdiction

"Specific jurisdiction exists when a case arises out of or relates to the defendant's contacts with the forum." *Ranza*, 793 F.3d at 1068. Specific jurisdiction requires a nonresident defendant's "suit-related conduct [to] create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284(2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 582 U.S. at 264. The plaintiff "cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

3

**DISCUSSION**

**I. Personal Jurisdiction**

    **A. Linde**

        **1. General Jurisdiction**

The test for general jurisdiction over foreign corporations asks whether the company's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Linde "is organized and incorporated under the laws of the Federal Republic of Germany with its principal place of business in Germany." (Dkt. No. 6-1 ¶ 3.) Linde has no employees, licenses, real property, bank accounts, corporate records, or places of business in California. (*Id*. ¶ 4.) Plaintiff does not allege any facts as to Linde's contacts with California. Because Plaintiff fails to allege facts demonstrating Linde is at home in California, Plaintiff fails to establish general jurisdiction over Linde.

Plaintiff misunderstands personal jurisdiction as physical location personally convenient to the plaintiff. Plaintiff insists "the State of California *in forum conveniens* court" provides the "ideal forum to address the acquisition exclusive rights demand petitioned by the plaintiff, relative to the fact he is commonly known situated in the State of California under remand conditions."[3] (Dkt. No. 1-5 ¶ 5.) But general personal jurisdiction focuses on the nonresident corporation's relationship to the state, not on the plaintiff's proximity to the state. *Martinez*, 764 F.3d at 1062.

Plaintiff cites California Code of Civil Procedure 410.40 to contend this case "may only proceed in California" as it pertains to "adversaries of a foreign state and plaintiff present inside the State of California jurisdiction." (Dkt. No. 1-5 ¶ 7.) California Code of Civil Procedure 410.40 states "[a]ny person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in

---

[3] Plaintiff's argument is based on his representation he resides in California; however, Plaintiff's filings list an address in Colorado. (Dkt. Nos. 1-5, 17, 18.)

1    whole or in part by the parties thereto […]." Cal. Civ. Proc. Code § 410.40.  This section does not

2    apply as this action does not arise out of any contract between the parties.

### 2. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine if the exercise of specific personal jurisdiction over a nonresident is appropriate: (1) the defendant must purposefully direct its activities toward the forum or purposefully avail itself of the privileges of conducting activities in the forum; (2) the plaintiff's claim must arise out of or relate to those activities; and (3) the assertion of personal jurisdiction must be reasonable.  *Schwarzenegger*, 374 F.3d at 802.  If Plaintiff meets his burden to plead allegations that satisfy the first two prongs, the burden shifts to Defendants to show why the exercise of specific personal jurisdiction would not be reasonable under prong three.  *Id.*  (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Plaintiff has not alleged any facts in support of the first prong.  To establish this prong, Plaintiff would have needed to proffer facts demonstrating "defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there."  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).  Plaintiff only argues his physical proximity to California establishes this Court's jurisdiction over this matter.  (Dkt. No. 18 at 2.)  However, as the Supreme Court has clarified, the relevant inquiry is whether the "defendant's suit-related conduct [creates] a substantial connection with the forum State."  *Walden*, 571 U.S. at 284.  Linde does not maintain a place of business or properties in California or employ any California residents.  (Dkt. No. 6-1 ¶ 4.)  And Plaintiff does not allege any facts in any of his pleadings that connect Defendants' conduct to California.

As to the second prong, Plaintiff does not articulate any facts demonstrating his claims arise of out conduct that occurred in California.  To establish this connection, Plaintiff would have needed to allege facts demonstrating "but for" causation, in which "a direct nexus exists between [a defendant's] contacts [with the forum state] and the cause of action."  *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013)).  But, as Defendant Linde notes, "the Complaint is

1  devoid of any facts that have any causal or temporal connection to California." (Dkt. No. 6 at 16.)

2  Since Plaintiff failed to satisfy the first two prongs, Defendant Linde, and this Court, need

3  not reach the third prong.

4  * * *

5  The Court GRANTS the motion to dismiss for lack of personal jurisdiction over Defendant

6  Linde because Plaintiff has failed to allege facts sufficient to establish either general or specific

7  jurisdiction over Linde.

### B. Personal Jurisdiction over Stephen Angel and Sanjiv Lamba

For general jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (cleaned up). Courts may exercise specific jurisdiction over individuals only where the "defendant's suit-related conduct [creates] a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The defendant's "relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 285.

Here, Individual Defendants are not "domiciled in the State of California" and neither has the "minimum contacts in the state that could possibly lead to personal jurisdiction." (Dkt. Nos. 6 at 18, 6-2 ¶¶ 10-11.) Plaintiff makes no specific allegations as to the Court's jurisdiction over either Individual Defendant. Instead, in his opposition, Plaintiff merely states "the forum is a convenience to plaintiff and Claimant, due to the rationality it would be impossible to travel to Connecticut from California and conduct legal affairs." (Dkt. No. 18. at 7.) Defendants correctly assert "neither the Complaint nor Plaintiff's Response shows Mr. Angel and Mr. Lamba have had the minimum contacts required for personal jurisdiction to exist." (Dkt. No. 23 at 4.) Plaintiff fails to address these points in his opposition and concludes "[d]ue to a collaborative conspiracy in the State of California by attorneys, courts, and sects incorporate instances, California is adequate for the proceedings." (Dkt. No. 18 at 8.) Plaintiff fails to make a prima facie showing of personal jurisdiction as to Individual Defendants because Plaintiff fails to allege Individual Defendants have minimum contacts with California or his claims arise from Individual Defendants' in-forum

suit-related conduct.

So, the Court GRANTS the motion to dismiss for lack of personal jurisdiction over Defendants Angel and Lamba.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction. The Court notes that while Plaintiff did not ask for jurisdictional discovery, such discovery would be futile. *See Malone v. Ahrens & DeAngeli, PLLC*, 445 F. App'x 940, 943 (9th Cir. 2011). As no personal jurisdiction exists, the Court need not reach the issue of service of process.

This Order disposes of Dkt. Nos. 6 and 17.

**IT IS SO ORDERED.**

Dated: March 4, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge